UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>GOLF 600 INC. et al.<br><br>    Defendants | Case No.: 14-cv-10040 (PJO)<br><br>**DEFAULT JUDGMENT** |

The case having been commenced on December 22, 2014 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on defendants Golf 600 Inc. ("Golf 600"), Ringdale Enterprises Inc. ("Ringdale"), Tarvia II Restaurant Corp ("Tarvia"), and Boxers Enterprise LLC ("Boxers") (collectively "Defendants") on December 23, 2014 by serving legally authorized representatives, pursuant to CPLR § 311 and proof of service having been filed on March 11, 2015, and Defendants not having answered the Complaint, and the time for answering the Complaint having expired, it is:

**ORDERED, ADJUDGED AND DECREED:** That plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") shall have judgment as follows:

    1.    Judgment by default is hereby entered in favor of the Plaintiff against Defendants.

    2.    Awarding monetary relief as a result of Defendants' willful and for profit trademark and trade dress infringement and acts of unfair competition against Plaintiff in an amount to be determined at an inquest to be held by Magistrate Judge Michael H. Dolinger. Damages may include:

        a.    Appropriate statutory damages for violations of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

      b. The costs of bringing this action, including reasonable attorneys fees, as well as treble and/or exemplary damages pursuant to 15 U.S.C. § 1117 and all other applicable laws and statutes.

    3. Preliminarily and permanently enjoining Defendants and their officers, agents, employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently ENJOINED (a) from using (including making, copying, sharing, distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration No. 1,923,448 and 4,099,045, both for SOUND CHOICE®, or the mark in U.S. Trademark Registration No. 2,000,725 and 4,099,052, both for a display trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone or its successor-in-interest, if any, to the ownership of those marks, and (b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are marked with any mark or other designation belong to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

4. This Court retains jurisdiction over this matter for purposes of enforcement of this Order.

Dated: June 30, 2015
New York, New York

_____
J. PAUL OETKEN
United States District Judge